# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

ROBERT DRAYTON BOWEN,    )
   )
      Plaintiff,    )
   )
v.    )    No.    1:26-CV-211-DCLC-MJD
   )
WESTON WAMP, AUSTIN GARRETT,    )
TIMOTHY A. DAVIS, and ELY GREEN,    )
   )
      Defendants.    )

## <u>MEMORANDUM & ORDER</u>

Plaintiff, a former Hamilton County Jail prisoner, filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging an alleged use of force during his Hamilton County confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*,

178 F.3d 800 (6th Cir. 1999).  When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship."  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).  The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members.  *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* [*Id.*] is **GRANTED**.

## II.    COMPLAINT SCREENING

### A.    Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff states that Defendant Deputy Green used excessive force when he "shoved" Plaintiff from behind onto a concrete floor while Plaintiff was reaching to retrieve his tablet from another inmate who had taken it from the charging station without Plaintiff's permission [Doc. 1 p. 3]. Plaintiff states that after this incident, he received Tylenol, "but medical refused to give more Tylenol or even look at the bruise the next day" [*Id.* at 4].

Plaintiff has sued Mayor Weston Wamp, Sheriff Austin Garrett, Deputy Chief of Corrections Timothy A. Davis, and Deputy Green [*Id.* at 2–5, 7–8]. Plaintiff sues Defendant Deputy Green in his official and individual capacities, and he sues all other Defendants in their official capacities [*Id.* at 2–3]. Plaintiff seeks injunctive and monetary relief [*Id.* at 5–6].

### C. Analysis

#### 1. Official Capacity Claims

Plaintiff's official capacity claims against the individual Defendants are actually claims against these Defendants' employer, namely Hamilton County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But the complaint does not contain facts that allow the Court to plausibly infer that a custom or policy of Hamilton County caused any violation of Plaintiff's constitutional rights, as required to state a plausible § 1983 claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a

3

municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury").

As such, the complaint fails to state a claim upon which relief may be granted against any Defendant in his official capacity, and it will not proceed against Hamilton County.

### 2. Defendant Deputy Green

Plaintiff alleges that Defendant Deputy Green's act of shoving Plaintiff from behind onto the concrete floor was excessive force [*Id.* at 4]. As it is unclear from the complaint whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident underlying the complaint, the Court assumes that he was a pretrial detainee. As such, the Court evaluates Plaintiff's excessive force claims under the greater protections of the Fourteenth Amendment, rather than the Eighth Amendment. *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 599 (6th Cir. 2025) ("Corrections officers must protect convicted prisoners from harm under the Eighth Amendment, and they must protect pretrial detainees from harm under the Due Process Clause.") (citation omitted); *Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment" (citations omitted)).

A pretrial detainee alleging a claim for excessive force must plausibly allege "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'" *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir.

4

2023) (citing *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (quoting *Kingsley*, 576 U.S. at 397).

Plaintiff's complaint asserts only that Defendant Deputy Green shoved him to the floor. It does not include any facts suggesting that this was an intentional use of force, much less an excessive use of force. Moreover, the only injury Plaintiff alleges that he suffered due to this incident was a bruise. Also, it is apparent from the complaint that when the shove occurred, Plaintiff was taking a tablet from another inmate. While Plaintiff states that this was his own tablet that the other inmate had taken from the charging station without his permission, nothing in the complaint suggests that Defendant Deputy Green knew or should have known that this was the case. To the contrary, it appears likely that Defendant Deputy Green reasonably perceived a security threat from the fact that Plaintiff was taking a tablet from another inmate. Thus, even if the Court assumes that Defendant Deputy Green's shove was intentional, nothing in the complaint indicates that the shove was a disproportionate use of force based on the apparent security threat from Plaintiff.

Accordingly, Plaintiff's complaint does not state a plausible claim for violation of § 1983 as to Defendant Deputy Green. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

3. Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.  AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

s/Clifton L. Corker
United States District Judge

6